IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

|  |  |
|---|---|
| IN RE DIRECT GENERAL CORPORATION SECURITIES LITIGATION | ) ) ) NO. 3:05-0158 ) JUDGE CAMPBELL ) |

MEMORANDUM

Pending before the Court are Defendants' Motion for a Limited Discovery Stay or To Stage Discovery (Docket No. 9) and Defendants' Motion to Dismiss the Consolidated Shareholder Derivative Complaint (Docket No. 12). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED. Consequently, Defendants' Motion for a Limited Discovery Stay is moot.

FACTS

Plaintiffs are shareholders of Direct General Corporation ("Direct General"), a Tennessee corporation whose business is the issuing of non-standard personal automobile insurance policies. This action arises from an announcement by Defendants in the fourth quarter of 2004 that Direct General was strengthening its loss reserves, in part because of changes in Florida insurance law. Plaintiffs allege that Defendants made false or misleading statements concerning the financial health of Direct General and that Defendants breached their fiduciary duties to the corporation and to the shareholders.

Defendants have moved to dismiss this action, contending that Plaintiffs have failed to plead with the required particularity that they were legally excused from making a derivative demand upon the Direct General board of directors before bringing this action. Alternatively, Defendants move to dismiss this action for failure to state actionable claims as a matter of law.

## DEMAND REQUIREMENT

Tennessee law provides that a shareholders derivative action complaint must allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the person did not make the demand. Tenn. Code Ann. § 48-17-401(b); see also Tenn. R. Civ. P. 23.06.

Tennessee courts have recognized and imposed this "demand requirement" for more than one hundred years. Lewis v. Boyd, 838 S.W.2d 215, 221 (Tenn. Ct. App. 1992). At the same time, they have also recognized that the demand requirement should be excused if making the demand would be an idle ceremony. Id.

Thus, the courts have excused the demand requirement when the corporation's officers and directors will themselves be defendants or when the officers and directors are in collusion with those who have injured the corporation. Id. Demand excused cases require an examination of the decision-makers' interest and independence as well as the good faith and reasonableness of their investigation. Id. at 222.

In this case, the officers and directors of Direct General are named Defendants in this action, accused of conspiracy, aiding and abetting, concerted action, breach of fiduciary duties, insider selling, misappropriation of information, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. Each officer and director is accused of personally participating in the alleged misconduct. Verified Complaint (Docket No. 1).

The Court finds that the allegations of the Verified Complaint are sufficient to excuse the demand otherwise required under Tennessee law. Plaintiffs have shown that the decision-makers'

interests and independence herein are sufficiently compromised by the actual allegations against them to excuse demand under these circumstances.

Therefore, Defendants' Motion to Dismiss for failure to make demand upon the board of directors is DENIED. Defendants also assert that Plaintiffs' Verified Complaint should be dismissed for failure to state a claim for which relief may be granted.

## FAILURE TO STATE A CLAIM

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The Court finds that the Verified Complaint sufficiently alleges breach of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment by the Defendant officers and directors to survive Defendants' Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss for failure to state a claim is DENIED.

3

CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Docket No. 12) is DENIED. Having denied Defendants' Motion to Dismiss, Defendants' Motion for a Limited Discovery Stay (Docket No. 9) is moot.

This case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE