UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re DIRECT GENERAL CORPORATION DERIVATIVE LITIGATION | Civil Action No. 3:05-cv-00158<br>Also filed under No. 3:05-cv-0077 |
| This Document Relates To:<br><br>ALL DOCUMENTS | Chief Judge Todd J. Campbell<br><br>CLASS ACTION |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 7, 2008 (docket entry #138), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated in October of 2007 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons (other than those Persons who timely and validly requested exclusion from the Class) who were holders of Direct General common stock that were entitled to vote on the merger identified in the Stipulation. Excluded

from the class are Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendants.

4. With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. The Court finds that no Member of the Class objected to the Settlement or attempted to opt out of the Class. The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to all parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and Settlement are fair, reasonable, just, and adequate as to each of the Settling Parties and to each Class Member, and that the Stipulation and

Settlement are hereby finally approved in all respects, and the Settling Parties and their Counsel are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including release of the remedies—treble damages, attorneys fees, costs, expenses, and other extraordinary remedies—available under the Tennessee Consumer Protection Act appearing at Tenn. Code Ann. §§ 47-18-102 and following as well as the remedies available under similar statutes under the laws of other states) against the Released Parties, including Unknown Claims, Released Claims, and Settled Defendants' Claims to the full extent set forth in the Stipulation.

9. Upon the Effective Date hereof, all Class Members are hereby forever barred and enjoined from prosecuting all Released Claims against the Released Parties.

10. Upon the Effective Date hereof; each of the Released Parties shall be deemed to have and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims against the Plaintiffs, Class Members and Plaintiffs' Counsel.

11. The Notice of Pendency and Proposed Settlement of this Class Action given to the Shareholder Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

12. Any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrong doing or liability of the defendants, or(b)is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties thereto and all Class Members thereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

{003809\05169\00123377.RTF / Ver.1}                              4

Case 3:05-cv-00158   Document 150   Filed 03/28/08   Page 4 of 5 PageID #: 3223

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 3-28-08

*[signature]*
THE HONORABLE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

Submitted by,

/s/ James G. Stranch, III
James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
227 Second Avenue, North
Nashville, TN 37201
Telephone: 615-254-8801
Facsimile: 615-250-3937

Brian Robbins
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101-3350

Nadeem Faruqi
FARUQI AND FARUQI
320 East 39th Street
New York, NY 10016

*Attorneys for Plaintiffs*